# EXHIBIT A

# EXHIBIT A

Electronically Issued
12/14/2021 2:51 PM

SEI
1  LLOYD W. BAKER, ESQ.
   Nevada Bar No.: 6893
2  ALYSSA N. PIRAINO, ESQ.
   Nevada Bar No.: 14601
3  **LLOYD BAKER INJURY ATTORNEYS**
4  500 S. Eighth Street
   Las Vegas, NV 89101
5  Telephone: (702) 444-2222
   Facsimile: (702) 360-3234
6  Alyssa@855Bakerlaw.com
7  *Attorneys for Plaintiff*

8                           **DISTRICT COURT**

9                    **CLARK COUNTY, NEVADA**

10 ANTONIO CRUZ-TEPETZI, an              Case No.:  A-21-845415-C
   individual; ADAM PASQUALI, an         Dept. No.: 4
11 individual,
                                         **SUMMONS**
12                          Plaintiffs,

13 v.

14 FRANCISCO VELASCO HERNANDEZ,
   JR, an individual; WAL-MART
15 TRANSPORTATION, LLC, a foreign
   limited-liability company;  and DOES I
16 through X, and ROE CORPORATIONS I
   through X, inclusive,
17
18                          Defendants.

19 **NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU**
   **WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.**
20                    **READ THE INFORMATION BELOW.**

21 TO THE DEFENDANT:     WAL-MART TRANSPORTATION, LLC
22
          A civil Complaint has been filed by Plaintiff against you for the relief set forth in the
23
   Complaint.
24
      1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you
25
          exclusive of the day of service, you must do the following:
26
          a.  File with the Clerk of this Court, whose address is shown below, a formal written
27
              response to the Complaint in accordance with the rules of the Court.
28

*(left margin vertical text)* LLOYD BAKER INJURY ATTORNEYS
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 444-2222 ◆ Facsimile (702) 360-3234

b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

DATED this 14th day of December 2021.

Submitted by:

CLERK OF COURT

— 12/15/2021

/s/ Alyssa N. Piraino, Esq.
LLOYD BAKER INJURY ATTORNEYS
500 South Eighth Street
Las Vegas, Nevada 89101
(702) 444-2222

Deputy Clerk                              Date
County Courthouse
200 Lewis Avenue          Irish Lapira
Las Vegas, Nevada 89155

LLOYD BAKER INJURY ATTORNEYS
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 444-2222 ◊ Facsimile (702) 360-3234

Electronically Filed
12/14/2021 2:51 PM
Steven D. Grierson
CLERK OF THE COURT

1   **COMJD**
LLOYD W. BAKER, ESQ.
2   Nevada Bar No.: 6893
ALYSSA PIRAINO, ESQ.
3   Nevada Bar No.: 14601
**LLOYD BAKER INJURY ATTORNEYS**
4   500 S. Eighth Street
Las Vegas, NV 89101
5   Telephone: (702) 444-2222
Facsimile: (702) 360-3234
6   Alyssa@855Bakerlaw.com
*Attorneys for Plaintiffs*
7

8                       **DISTRICT COURT**
                    **CLARK COUNTY, NEVADA**

9   ANTONIO CRUZ-TEPETZI, an          Case No.:  A-21-845415-C
    individual; ADAM PASQUALI, an      Dept. No.:  4
10  individual,

11                      Plaintiffs,    **COMPLAINT AND DEMAND**
                                       **FOR JURY TRIAL**
12  v.

13  FRANCISCO VELASCO HERNANDEZ,
    JR, an individual; WAL-MART
14  TRANSPORTATION, LLC, a foreign
    limited-liability company;  and DOES I
15  through X, and ROE CORPORATIONS I
    through X, inclusive,
16

17                      Defendants.

18          COMES NOW Plaintiffs, ANTONIO CRUZ-TEPETZI and ADAM PASQUALI, by and

19  through their attorneys LLOYD W. BAKER, ESQ. and ALYSSA N. PIRAINO, ESQ., of LLOYD

20  BAKER INJURY ATTORNEYS, and for their causes of action against Defendants, and each of

21  them, alleges as follows:

22      1.  At all times relevant to these proceedings, Plaintiff ANTONIO CRUZ-TEPETZI

23  ("Plaintiff Cruz-Tepetzi") was and is a resident of Clark County, Nevada.

24      2.  At all times relevant to these proceedings, Plaintiff ADAM PASQUALI ("Plaintiff

25  Pasquali") was and is a resident of Clark County, Nevada.

26

27                        Page 1 of 9

28                  Case Number: A-21-845415-C

LLOYD BAKER INJURY ATTORNEYS
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 444-2222 ◇ Facsimile (702) 360-3234

LLOYD BAKER INJURY ATTORNEYS
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 444-2222 ◇ Facsimile (702) 360-3234

3. Plaintiff CRUZ-TEPETZI and Plaintiff PASQUALI are collectively referred to herein as "Plaintiffs".

4. Plaintiffs are informed, believe and thereon allege that at all times relevant to these proceedings, Defendant FRANCISCO VELASCO HERNANDEZ, JR. ("Defendant Velasco") is and was an individual residing in California.

5. Plaintiffs are informed, believes and thereon alleges that at all times relevant to these proceedings, Defendant WAL-MART TRANSPORTATION, LLC ("Defendant Wal-Mart"), is and was at all relevant times, a foreign limited liability corporation operating in the State of Nevada, including Clark County Nevada.

6. Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of resident and non-resident defendants designated herein as DOES I through X, and ROE CORPORATIONS I through X, are presently unknown to Plaintiff. Upon information and belief these DOE and ROE defendants, and each of them, were involved in the initiation, approval, support, or execution of one or more of the wrongful acts or omissions upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff, including but not limited to: unreasonably owning, maintaining, operating, entrusting, or repairing any vehicle that caused injury to Plaintiff. ROE and DOE defendants also include but are not limited to:

a) presently unknown employers of defendant(s) who are responsible for the acts of their employees under NRS 41.745, or under the doctrine of respondeat superior;

b) owners of the defendant's vehicle who are liable under NRS 41.440, or the family purpose doctrine;

c) known witnesses whose particular culpability is not known at this time but may be made known once true facts are learned.

7.  This Court has jurisdiction over this matter under NRS 14.065 and NRS 4.370(1), as the facts alleged occurred in Clark County, Nevada and involve an amount in controversy in excess of $15,000.00.

8.  On or about February 10, 2021, Plaintiffs and Defendant Velasco were involved in a motor vehicle collision that occurred in Clark County, Nevada.

9.  Plaintiff Cruz-Tepetzi was the restrained driver of a 2005 Nissan 350Z.

10. Plaintiff Pasquali was a restrained passenger in a 2005 Nissan 350Z, being driven by Plaintiff Cruz-Tepetzi.

11. Defendant Velasco was the operator of a 2017 Peterbilt Truck, owned by Defendant Wal-Mart.

12. Just prior to the subject collision, Plaintiffs' vehicle was stopped on westbound Craig Road for steady red light at the intersection of Mitchell Street, and Defendant Valesco was behind Plaintiffs, stopped for a red light.

13. Upon information and belief, Defendant Valesco did not see Plaintiffs' vehicle in from on Defendants' vehicle.

14. As the light turned green for Craig Road traffic, Plaintiffs' vehicle was struck in the rear by Defendants' vehicle.

15. The front of Defendants' vehicle collided with the rear of Plaintiffs' vehicle and due to Plaintiff's momentum a second contact was made.

16. The above described collision caused damage to Plaintiffs' vehicle and injuries to Plaintiffs.

### FIRST CAUSE OF ACTION
#### (Negligence as to Defendants)

17. Plaintiffs repeats and re-allege each and every allegation set forth in each and every previous paragraph of this Complaint and incorporate the same by reference as though fully set forth herein.

LLOYD BAKER INJURY ATTORNEYS
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 444-2222 ◇ Facsimile (702) 360-3234

18. Defendant Valesco owed Plaintiffs the duty to operate Defendants' Vehicle in a safe, reasonable, and prudent manner.

19. On or about February 10, 2021, Defendants breached the duty Defendants owed to Plaintiffs.

20. Defendants' breach of the duty Defendants owed to Plaintiffs was both the direct and proximate cause of the injuries suffered by Plaintiffs.

21. Defendants' breach of the duty Defendants owed Plaintiffs was both the direct and proximate cause of the injuries suffered by Plaintiffs.

22. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiffs sustained injuries and suffered great pain.

23. As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiffs incurred expenses for medical care, treatment, and expenses incidental thereto for necessary treatment and Plaintiffs may be required in the future to incur expenses for medical care and treatment.

24. As a direct and proximate result of said collision complained of herein, Plaintiffs have incurred injuries, all or some of which conditions may be permanent and disabling in nature, aggregating to Plaintiff's general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

25. Due to the injuries as set forth herein, Plaintiffs have sustained pain, suffering, loss of enjoyment of life, past, present and future in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

26. As a further direct and proximate result of the negligence of Defendants, Plaintiffs had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees, costs, and interest.

LLOYD BAKER INJURY ATTORNEYS
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 444-2222 ◇ Facsimile (702) 360-3234

## SECOND CAUSE OF ACTION
### (Negligence Per Se as to Defendant Valesco)

27. Plaintiffs repeat and re-allege each and every allegation set forth in each and every previous paragraph of this Complaint and incorporate the same by reference as though fully set forth herein.

28. At the time of the collision described herein, Defendant Valesco was in violation of the known rules of safety and negligently failed to obey a red traffic signal, resulting in Defendants' Vehicle colliding with the left rear of Plaintiffs' vehicle.

29. Defendant Valesco's acts and omissions at the time of the collision described herein and immediately prior thereto constitute negligence and carelessness.

30. Defendant Valesco's negligence, including his disregard of the red traffic signal, was the direct and proximate cause of Plaintiffs' damages as alleged herein.

31. Defendant Valesco owed Plaintiffs the non-delegable duty to obey all traffic laws. Defendant owed a duty to Plaintiffs to use due care and operate Defendants' Vehicle in a safe manner as required by NRS 484B.307, and other applicable statutes. Defendant Valesco breached this duty when Defendant negligently followed Plaintiffs vehicle to closely, obstructing his view of the Plaintiff's vehicle due to the height difference in both vehicles, resulting in Defendants' Vehicle colliding with rear of Plaintiff's Vehicle.

32. NRS 484B.307, and other applicable traffic laws were created to protect people like Plaintiffs from injury.

33. Defendant Valesco's failure to obey NRS 484B.307, and other applicable traffic laws was the direct and proximate cause of the injuries sustained by Plaintiffs.

34. Defendant Valesco's acts and omissions at the time of the collision described herein and immediately prior thereto constitute negligence *per se* pursuant to Nevada Revised Statutes.

LLOYD BAKER INJURY ATTORNEYS
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 444-2222 ◊ Facsimile (702) 360-3234

35. As a direct and proximate result of the aforesaid negligence *per se* of Defendant, Plaintiffs sustained injuries and suffered great pain.

36. As a direct and proximate result of the aforesaid negligence *per se* of Defendant, Plaintiffs incurred expenses for medical care, treatment, and expenses incidental thereto for necessary treatment and Plaintiffs may be required in the future to incur expenses for medical care and treatment.

37. As a direct and proximate result of said collision complained of herein, Plaintiffs have incurred injuries, all or some of which conditions may be permanent and disabling in nature, aggregating to Plaintiff's general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

38. Due to the injuries as set forth herein, Plaintiffs have sustained pain, suffering, loss of enjoyment of life, past, present and future in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

39. As a further direct and proximate result of the negligence of Defendant, Plaintiffs had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees, costs, and interest.

## THIRD CAUSE OF ACTION
### (Negligent Entrustment as to Defendant Wal-Mart)

38. Plaintiffs repeats and reallege the allegations in the above paragraphs as though set forth fully herein.

39. Defendant Wal-Mart owed a duty to Plaintiffs to refrain from knowingly entrusting their vehicle to an inexperienced or incompetent person.

40. Defendant Wal-Mart violated that duty when they entrusted their vehicle to Defendant Valesco.

LLOYD BAKER INJURY ATTORNEYS
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 444-2222 ◊ Facsimile (702) 360-3234

LLOYD BAKER INJURY ATTORNEYS
500 s. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 444-2222 ◊ Facsimile (702) 360-3234

41. As a direct and proximate result of the aforesaid negligent entrustment of Defendant Wal-Mart, Plaintiffs incurred expenses for medical care, treatment, and expenses incidental thereto for necessary treatment and Plaintiffs may be required in the future to incur expenses for medical care and treatment.

42. As a direct and proximate result of said collision complained of herein, Plaintiffs have incurred injuries, all or some of which conditions may be permanent and disabling in nature, aggregating to Plaintiffs' general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

43. As a further direct and proximate result of Defendant Wal-Mart's actions and/or failure to act set forth herein, it has been necessary for Plaintiffs to retain the services of an attorney to bring this action and Plaintiffs are entitled to attorney's fees and costs.

### FOURTH CAUSE OF ACTION
**(Negligent Hiring/Training/Supervision/Retention as to Defendant Wal-Mart)**

44. Plaintiffs repeat and allege each and every allegation contained in all preceding paragraphs as though fully set forth herein.

45. Defendant Wal-Mart owed a non-delegable duty to Plaintiffs to exercise due care in the selection, training, oversight, direction, retention, and control of its employees/agents/contractors, including Defendant Velasco.

46. Defendant Wal-Mart breached the non-delegable duty to Plaintiffs by failing to properly hire, retain, train, and supervise Defendant Velasco.

47. Defendant Wal-Mart's breach of this duty was the legal and proximate cause of Plaintiffs' injuries.

48. As a direct and proximate result of Defendants' acts or omissions, Plaintiffs were required to obtain medical services and treatment.

49. As a further direct and proximate result of Defendants' acts or omissions, Plaintiffs will, in the future, be required to obtain additional medical services and treatment.

50.   As a direct and proximate result of Defendants' acts or omissions, Plaintiffs suffered a loss of earnings and loss of earning capacity.

51.   As a direct and proximate cause of Defendants' acts or omissions, Plaintiffs have suffered substantial damages in the form of past and future pain and suffering and loss of enjoyment of life.

52.   Plaintiffs has been damaged by the acts or omissions of Defendants in an amount in excess of $15,000.00, individually.

53.   As a direct and proximate result of the acts or omissions of Defendants, Plaintiffs had to retain the services of LLOYD BAKER INJURY ATTORNEYS to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

**WHEREFORE**, Plaintiffs require judgment against Defendant, as follows:

1.   General damages in an amount excess of $15,000.00;

2.   Damages for costs of medical care and treatment, past and future;

3.   Prejudgment interest, attorney's fees, and costs of suit incurred herein;

4.   For trial by a jury; and

5.   For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LLOYD BAKER INJURY ATTORNEYS
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 444-2222 ◇ Facsimile (702) 360-3234

LLOYD BAKER INJURY ATTORNEYS
500 S. EIGHTH STREET, LAS VEGAS, NEVADA 89101
Phone (702) 444-2222 ◊ Facsimile (702) 360-3234

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorneys of record, LLOYD BAKER INJURY ATTORNEYS, hereby demands a jury trial of all of the issues in the above matter.

DATED this 14th day of December 2021.

LLOYD BAKER INJURY ATTORNEYS

/s/ Alyssa N. Piraino. Esq.
LLOYD W. BAKER, ESQ.
Nevada Bar No.: 6893
ALYSSA PIRAINO, ESQ.
Nevada Bar No.: 14601
500 S. Eighth Street
Las Vegas, Nevada 89101
Telephone: (702) 444-2222
Facsimile: (702) 360-3234
Attorneys for Plaintiff